UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TUAN HOANG DAO,

    Petitioner,

v.                                        25-CV-5 (JLS)

PAM BONDI, Attorney General, KRISTI
NOEM, Secretary of the Department of
Homeland Security, JOSEPH FREDEN,
U.S. (ICE) Immigration and Customs
Enforcement Field Office Director for the
Batavia Field Office, and GEORGE
HARVEY, Assistant Field Office Director
of Buffalo Federal Detention Facility,

    Respondents.[1]

_____

### DECISION AND ORDER

Petitioner Tuan Hoang Dao, a native and citizen of Vietnam, commenced this habeas corpus proceeding under 28 U.S.C. § 2241, challenging his continued detention in the custody of the Department of Homeland Security ("DHS"). *See* Dkt. 1. For the below reasons, Dao's petition is dismissed.

### BACKGROUND

Dao's order of removal became administratively final on September 13, 2024, when the Board of Immigration Appeals ("BIA") denied his appeal. Dkt. 6-1, at 2–3;

---

[1] Pam Bondi is substituted for Merrick B. Garland and Kristi Noem is substituted for Alejandro (misnamed Andrew in the petition) Mayorkas pursuant to Fed. R. Civ. P. 25(d). *See* Dkt. 6, at 1.

Dkt 1, at 28.[2]  He remains in the custody of DHS at the Buffalo Federal Detention Facility in Batavia, New York, pending his removal from the United States.  Dkt. 6-1, at 2–3; Dkt. 1, at 16.

Dao commenced this proceeding on January 2, 2025.  Dkt. 1.  Respondents moved to dismiss on February 26, 2025.  Dkt. 6.  Dao responded (Dkt. 9), and Respondents replied.  Dkt. 10.  Because Dao's detention is lawful under section 1231, the petition must be dismissed.

## DISCUSSION

### I. Jurisdiction

Habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2241(c)(3).  In the immigration context, only circuit courts have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal.  *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . , which circuit courts alone can consider.").  District courts, however, can review claims by aliens challenging the constitutionality of their pre-removal detention.  *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003).  Dao asks the Court to review the

---

[2] Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

length of his detention—a request that falls within this Court's limited jurisdiction over immigration matters.

## II. Dao's Detention is Lawful under Section 1231

The Court concludes that 8 U.S.C. § 1231 governs Dao's detention because: (1) he is subject to a final order of removal, and (2) has not obtained a stay of removal from the Second Circuit.

Section 1231 governs the detention of aliens during and after the removal period—in other words, those subject to final orders of removal. This period is derived from the statute, which allows DHS ninety days to effectuate removal from the United States following the entry of a final order of deportation or removal. *Id.* § 1231(a)(1)(A). The removal period begins at the latest of the following events:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

During the ninety-day removal period, detention is mandatory. *Id.* § 1231(a)(2). After this removal period is over, detention is discretionary; an alien may be detained beyond the removal period if, among other things, he or she is removable under certain provisions of 8 U.S.C. § 1227. *See id.* § 1231(a)(6).

Six months of detention is "presumptively reasonable" pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After six

3

months, an alien may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If he or she is able to do so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.* An alien "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Dao's order of removal became administratively final on September 13, 2024, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a); Dkt. 6-1, at 2–3; Dkt 1, at 28. The ninety-day removal period under the statute expired on December 12, 2024. Dkt. 6-1, at 3. The six-month "presumptively reasonable" period under *Zadvydas* expired on March 13, 2025. *Id.*; Dkt. 1, at 28–29. Dao has been detained—under Section 1231—for approximately six months.

Here, the presumptively-reasonable six-month period expired two weeks ago. But federal courts generally hold that "the six-month post-removal period 'must have expired at the time [the detainee's] 2241 petition was filed in order to state a claim under *Zadvydas*.'" *Placide v. Holder*, No. 15-cv-30035-MAP, 2015 U.S. Dist. LEXIS 42188, at *5–6 (D. Mass. Mar. 6, 2015) (citation omitted); *see also Jaryee v. Dist. Dir. for Immigr. Custom Enf't*, No. 1:CV-14-0676, 2014 U.S. Dist. LEXIS 68941, at *4–5 (M.D. Pa. May 20, 2014). Accordingly, because Dao filed his petition before the period lapsed, his petition is premature. *See Gomez v. Whitaker*,

4

No. 6:18-CV-06900-MAT, 2019 WL 4941865, at *1, 5 (W.D.N.Y. Oct. 8, 2019) (dismissing petitioner's *Zadvydas* claim as premature, where the petition was filed before the six-month period lapsed, but the court's decision was signed after that period).

Lastly, Dao's request that the Court enjoin Respondents from transferring him outside of the Western District of New York is dismissed because the Court lacks jurisdiction to do so. *See e.g.*, *Aung v. Barr*, No. 20-CV-681-LJV, 2020 WL 4581465, at *4 (W.D.N.Y. Aug. 10, 2020) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.") (citation omitted); *Adejola v. Barr*, 408 F. Supp. 3d 284, 287–88 (W.D.N.Y. 2019) ("Petitioner has asked that the Court restrain Respondents from transferring him out of the jurisdiction of the Court while he remains in Respondents' custody . . . . Respondents correctly point out that the Court lacks jurisdiction to consider this request.").

## CONCLUSION

For these reasons, Dao's petition (Dkt. 1) is DISMISSED without prejudice, and Dao's motion to appoint counsel is DENIED as moot. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated: March 26, 2025
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE